[Civ. No. 12864.  Second Dist., Div. Two.  Feb. 3, 1942.]

WILSON D. FREDERICK, Appellant, v. NORTH SIDE
WATER COMPANY OF WALNUT, CALIFORNIA (a
Corporation), Respondent.

John E. Martin for Appellant.

Horowitz & McCloskey for Respondent.

HANSON, J. pro tem.—This is an appeal from a judgment entered upon an order sustaining a demurrer of defendant corporation to plaintiff's second amended complaint without leave to amend. The action was for declaratory relief, with a prayer for damages in the sum of $6,463. The grounds of demurrer were: (1) that no cause of action was stated and (2) that the complaint was uncertain, ambiguous and unintelligible.

The complaint alleges that during the period 1926 to 1935 plaintiff had a right to "allocate" such shares of defendant company's corporate stock as it might issue and sell; that defendant company in 1934 represented to plaintiff that it was indebted to a creditor in the sum of $10,000 and that it was essential, if it were to continue in business, that it borrow this sum so as to pay the creditor; that the defendant company represented to the plaintiff that it could not borrow the money unless it could settle its controveries with him and eliminate his right in the future to allocate any of its corporate stock; that a written contract (annexed to the complaint) was entered into that disposed of the controversy; that the plaintiff on his part promptly complied with all the covenants thereof but that defendants did not; that two years later—in 1937—the company gave notice of its cancellation of the contract; that thereafter plaintiff demanded of defendant company that it fulfill the terms of the contract or, in the alternative, that it "return to him the rights, interests, privileges, beneficial interest and equities" that he had "held, owned and enjoyed prior to" the execution of the written contract mentioned; that defendant had refused all of plaintiff's demands, and that an actual controversy exists between the parties concerned relative to their respective legal rights and duties. The prayer is for a declaration as to the rights, privileges, equities and duties of the respective parties and for a judgment of $6,463 in favor of plaintiff.

What is meant by the pleader by his reference in the complaint to allocating stock is not stated, nor is there any statement of the "rights, privileges or equities" he claims subsisted in the period prior to the written contract. No factual basis for a recovery of money is alleged. Moreover, there is nothing in the complaint which would give the trial judge the slightest notion as to what the supposed controversy was about, except for what little he could gather from the complaint, the substance of which we have narrated here.

In presenting the case to us appellant presses the argument that an actual controversy existed between the parties and hence that declaratory relief was proper even though there was a breach of the obligation by the defendants. We think the contention overlooks the fact that it is not enough that there be a controversy. It must be justiciable. Moreover, the specific claims made must be set forth together with the ultimate facts to sustain them. ▉ The complaint here falls far short of doing so. If plaintiff wishes to rely on the contract his remedy is an action at law for damages, which on the facts shown is adequate. If he does not choose to stand on the contract but instead to enforce such rights as he had prior thereto, he has not shown by the allegations of his complaint that he is entitled to a declaratory judgment. As no abuse of discretion given to the trial court to grant or deny declaratory relief is shown, we are without power to review. (See *Monahan* v. *Department of Water & Power*, 48 Cal. App. (2d) 746 [120 Pac. (2d) 730].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.